```
                   UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF FLORIDA

                  CASE NO. 08-61055-CIV-ZLOCH
```

IDEARC MEDIA CORP., a
Delaware corporation,

       Plaintiff,

vs.                                                  **O R D E R**

SUPERPAGES.TRAVEL, a domain
name,

       Defendant.
_____/

       THIS MATTER is before the Court upon Plaintiff Idearc Media Corp.'s Motion For An Order Finding Lack Of In Personam Jurisdiction Over Domain Name's Registrant Or In The Alternative Authorizing Publication Of Notice Of Action (DE 8).  The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

       Plaintiff initiated the above-styled cause with the filing of its Complaint (DE 1), naming <superpages.travel>, a domain name, as party-Defendant, and proceeds in rem against it.  Such action against a domain name is proper pursuant to 15 U.S.C. § 1125(d)(2)(A).  That same section requires a finding that Plaintiff is unable to obtain personal jurisdiction over the registrant of the domain name.  Id. § 1125(d)(2)(A)(ii).  Such finding of the inability of the Court to exercise personal jurisdiction is made in one of two ways: Plaintiff may either establish that the Court cannot exercise jurisdiction over a person who would otherwise have

been the proper defendant, or establish that through due diligence it has been unable to find a person who would have been the proper defendant.  Id. § 1125(d)(2)(A)(ii)(I)-(II).

In the instant Motion (DE 8), Plaintiff states that the registrant of Defendant <superpages.travel> is Superpages.travel, Ltd., a company located in Australia that may or may not have changed its registered address to Las Vegas, Nevada.  DE 8, pp. 5-6.  Thus, Plaintiff argues, the Court lacks personal jurisdiction over Superpages.travel, Ltd.  Because Plaintiff "through due diligence was . . . able to find" the company who would otherwise be the proper party-Defendant in this action, service by publication is unwarranted.  See 15 U.S.C. § 1125(d)(2)(A)(ii) (allowing a plaintiff to proceed in rem against a domain name if either the plaintiff is unable to obtain personal jurisdiction over the proper defendant or through due diligence is unable to find such proper defendant).  Thus, the Court will proceed under subparagraph (d)(2)(A)(ii)(I) and analyze whether Plaintiff has established that it is unable to obtain personal jurisdiction over Superpages.travel, Ltd.

In support of the argument that Plaintiff is unable to obtain personal jurisdiction over Superpages.travel, Ltd., Plaintiff filed the Declaration Of Ury Fischer.  DE 9, Ex. A.  The Declaration states that "the domain name registration WHOIS" lists Defendant domain name as being owned by Superpages.travel, Ltd. and attaches

2

a printout from the website www.whois.travel.  See DE 9, Ex. A and its Ex. C attached.  Copies of emails sent between Plaintiff's Counsel and someone by the name of Michael at the address BusDev@SuperPages.travel are also attached, with the latter stating that "Superpages.travel is an Australian based company doing business in Australia" and "abide[s] by all Australian Federal and Trademark laws, not the United States."  See DE 9, Ex. A and its Ex. Nos. F & G attached.

    The determination of personal jurisdiction over a nonresident defendant involves a two-part analysis.  First, the Court must determine that the forum state's long-arm statute permits an assertion of jurisdiction.  Second, the Court must determine whether sufficient minimum contacts of the party with the forum exist "to satisfy the Due Process Clause of the Fourteenth Amendment so that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Cable/Home Comm. Corp. v. Network Productions, Inc., 902 F.2d 829, 855 (11th Cir. 1990) (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)) (further citations omitted).  Plaintiff has offered no argument on Florida's long-arm statute with respect to Superpages.travel, Ltd. or on whether Superpages.travel, Ltd. has sufficient minimum contacts with the State of Florida for the proper maintenance of this action.  Moreover, Plaintiff has failed to instruct the Court on what a WHOIS registration is such that a

finding can be made that Superpages.travel, Ltd. actually is the "person who would have been a defendant in a civil action" proceeding <u>in</u> <u>rem</u> against Defendant <superpages.travel>. 15 U.S.C. § 1125(d)(2)(A)(ii)(I).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiff Idearc Media Corp.'s Motion For An Order Finding Lack Of In Personam Jurisdiction Over Domain Name's Registrant Or In The Alternative Authorizing Publication Of Notice Of Action (DE 8) be and the same is hereby **DENIED** without prejudice and with leave to refile.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   15th   day of September, 2008.

                                        WILLIAM J. ZLOCH
                                       United States District Judge

Copies furnished:

All Counsel of Record

4