```
                   UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF FLORIDA

                   CASE NO. 08-61055-CIV-ZLOCH
```

IDEARC MEDIA CORP., a
Delaware corporation,

      Plaintiff,

vs.                                              **O R D E R**

SUPERPAGES.TRAVEL, a domain
name,

      Defendant.
_____/

THIS MATTER is before the Court upon Plaintiff Idearc Media Corp.'s Motion Under Rule 56(a) For Summary Judgment (DE 18). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

Plaintiff filed this action against <superpages.travel>, an internet domain name and proceeds _in rem_ against it. By prior Order (DE 17), the Court found that Plaintiff satisfied the requirements of 15 U.S.C. § 1125(d)(2)(A)(ii)(I), which allows this _in rem_ action against Defendant domain name.

By the instant Motion (DE 18), Plaintiff moves for summary judgment as to the sole count of the Compliant (DE 1). It relies on the Compliant in large part to support its claims. Plaintiff gives two reasons why the allegations in the Complaint are evidence of Defendant's liability. First, Defendant is in default and has thus admitted the allegations of the Complaint. Second, the Complaint is verified and may thus act as an affidavit filed in support of summary judgment. Neither argument is availing.

No default has been entered by the Clerk and none has been entered by the Court in this action.  Plaintiff's citation of cases noting a defaulting party's admission of all facts pled in the complaint overlooks that no default has in fact been entered.  If Defendant was truly in default, the instant Motion would be one for default final judgment, not summary judgment.

Next, even aside from any supposed default, Plaintiff relies on the Complaint as evidence of the facts alleged therein because the Complaint is verified.  The Complaint states, in relevant part, as follows: "I have reviewed the foregoing Complaint and declare under penalty of perjury, 28 U.S.C. § 1746, that the contents thereof are true to the best of my knowledge and belief."  DE 1, p. 7.  It is then signed with an illegible signature marked "Director-Internet Marketing."  Id.

At the summary judgment stage, a verified pleading may serve as an affidavit if it conforms to the requirements of Federal Rule of Civil Procedure 56(e).  United States v. Four Parcels of Real Property, 941 F.2d 1428, 1444 n.35 (11th Cir. 1991).  The Complaint filed herein cannot be considered at summary judgment because it does not satisfy Rule 56(e).  The law in this Circuit is clear that "Rule 56(e)'s personal knowledge requirement prevents statements in affidavits that are based, in part, 'upon information and belief'-- instead of only knowledge."  Pace v. Capobianco, 283 F.3d 1275, 1278 (11th Cir. 2002); see also Stewart v. Booker T. Washington Ins., 232 F.3d 844, 851 (11th Cir. 2000) ("upon information and belief" insufficient");  Fowler v. S. Bell Tel. & Tel. Co., 343

F.2d 150, 154 (5th Cir. 1965) ("knowledge, information and belief" insufficient)[1]. Thus, because the Complaint does not satisfy Rule 56(e), its allegations cannot be considered at this stage.

The Concise Statement Of Material Facts (DE 20) relies extensively, almost exclusively, on the allegations of the Complaint. Because the Court cannot consider the Complaint, the instant Motion fails to satisfy Local Rule 7.5.C.2 of the Southern District of Florida.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiff Idearc Media Corp.'s Motion Under Rule 56(a) For Summary Judgment (DE 18) be and the same is hereby **DENIED** without prejudice.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___12th___ day of January, 2009.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.