UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61055-CIV-ZLOCH

IDEARC MEDIA CORP., a Delaware
corporation,

    Plaintiff,

vs.     **DEFAULT FINAL JUDGMENT**

SUPERPAGES.TRAVEL, a domain
name,

    Defendant.
_____/

THIS MATTER is before the Court upon Plaintiff Idearc Media Corp.'s Motion Under Rule 55(b) For Default Judgment (DE 24). The Court has carefully reviewed said Motion and the entire Court file and is otherwise fully advised in the premises.

By prior Order (DE 17), the Court found that Plaintiff met the requirements for service of process pursuant to 15 U.S.C. § 1125(d)(2)(B). DE 17, p. 4. No responsive pleading has been filed within the time prescribed by law, and the Clerk of the United States District Court for the Southern District of Florida entered a Clerk's Default (DE 23). Plaintiff then filed the instant Motion For Default Judgment (DE 24).

The well-pleaded allegations made in Plaintiff's Complaint (DE 1) are deemed admitted by virtue of the default entered herein. Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1277-78 (11th Cir. 2005) (citations omitted). Thus, Plaintiff's ownership of trademark rights in the word mark "superpages" and similar marks is

conceded. DE 1, ¶¶ 7-10. It is likewise admitted that some of Plaintiff's "superpages" marks are used in conjunction with services related to travel-related information. Id. ¶¶ 10-11. Finally, the internet website accessible through Defendant domain name also contains travel-related information. Id. ¶ 12.

The Court finds that Defendant domain name infringes on Plaintiff's federally protected trademark rights in its various "superpages" marks. 15 U.S.C. § 1125(a)(1); see North Am. Med. Corp. v. Axiom Worldwide, Inc., 522 F.3d 1211, 1220 (11th Cir. 2008) (listing the seven factors used in the Eleventh Circuit to assess whether a likelihood of confusion exists). Therefore, Plaintiff has established liability and is entitled to the relief set forth in 15 U.S.C. § 1125(d)(2)(D)(i) for Defendant's violation of its trademark rights.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The Court has jurisdiction over the Parties hereto and the subject matter herein;

2. Plaintiff Idearc Media Corp.'s Motion Under Rule 55(b) For Default Judgment (DE 24) be and the same is hereby **GRANTED**;

3. Pursuant to Federal Rules of Civil Procedure 55 and 58, Default Final Judgment be and the same is hereby **ENTERED** in favor of Plaintiff Idearc Media Corp. and against Defendant domain name <superpages.travel>;

4. The Clerk of this Court is directed to relinquish any control over Defendant domain name <superpages.travel> by virtue of its having been deposited with the Court pursuant to DE 7, Ex. A;

5. Any Registrar or Registry having control over Defendant domain name <superpages.travel> be and the same is hereby **DIRECTED** immediately upon notice of this Final Judgment to transfer ownership of Defendant domain name <superpages.travel> to Plaintiff Idearc Media Corp.; and

6. To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___27th___ day of January, 2009.

                                      WILLIAM J. ZLOCH
                                      United States District Judge

Copies furnished:

All Counsel of Record